UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL PATRICK GOEBEN,

    Plaintiff,

v.                                                                 Case No. 06-C-319

MORGAN STANLEY DW INC.,

    Defendant.

---

**ORDER**

---

Plaintiff filed this action claiming illegal activity on the part of defendant Morgan Stanley DW, Inc., and seeking (implicitly) to vacate an arbitrator's ruling against him. He asserts that Morgan Stanley executed illegal margin trades in his account, resulting in a loss of some $24,000 to plaintiff. The crux of his complaint appears to be a claim that he mistakenly bought shares in a corporation when he actually intended to sell them; when the stock dropped during the day, he lost money until Morgan Stanley sold the shares on his behalf.

As noted, this claim was previously the subject of arbitration – which is the norm in securities disputes – and the plaintiff lost. He then brought a claim in Brown County Circuit Court, but the complaint was dismissed. The defendant now seeks dismissal of the instant action on two grounds: lack of subject matter jurisdiction and *res judicata*. Because the jurisdiction question implicates this court's authority to hear the case, I will focus first on that issue.

Federal subject matter jurisdiction exists either when a claim arises under federal law or when the dispute is between (a) citizens of different states and (b) involves more than $75,000.

28 U.S.C. §§ 1331, 1332. Here, the plaintiff attempts to assert federal question jurisdiction under the Securities Exchange Act and Regulation T, which govern the amount of cash balance a trader must have to execute a trade on margin. Because Morgan Stanley executed trades on plaintiff's behalf when he lacked adequate funds in his account, he asserts, it violated federal law.

Even if plaintiff were correct on the application of federal law, it does not follow that the existence of federal statutory issues in his underlying dispute with Morgan Stanley would create federal subject matter jurisdiction for a case brought to vacate an arbitration award. In other words, the allegation that Morgan Stanley may have violated federal law in April 2000 does not mean that the plaintiff's claim now "arises under" federal law for jurisdiction purposes. There must be an independent basis for federal question jurisdiction, and in this context that means there must be a federal law basis for overturning an arbitrator's award. Here, the plaintiff's citations to the Securities Exchange Act and other federal regulations governing margin requirements might have been relevant to the underlying dispute between the parties, but it has no bearing on this court's decision to overturn the underlying arbitration award. *See Minor v. Prudential Securities, Inc.,* 94 F.3d 1103, 1105 (7th Cir. 1996) ("Looking to the face of Minor's motion to vacate, Minor asserts that federal jurisdiction is firmly grounded on the Securities Exchange Act of 1934 and on RICO. However, mere incantation of a federal statute does not confer jurisdiction.") That is, even if the plaintiff's underlying federal legal claims were valid (for instance, the claim that Morgan Stanley illegally approved margin trades exceeding the amounts allowed by federal regulation) it would not establish a federal law basis for overturning an arbitrator's award. As the court in *Minor* noted, "the nature of the underlying dispute is irrelevant for purposes of subject matter jurisdiction . . . the motion [to vacate] itself must invoke diversity or federal question jurisdiction." *Id.* at 1106.

To the extent the complaint is an attempt to simply ignore the arbitration award (about which the complaint is silent) and assert a new claim based on federal law, it also fails. The plaintiff's response to the motion to dismiss acknowledges the arbitration decision but dismisses it because the arbitrator did not provide a written opinion. Thus, we have no way to know why the arbitrator made the decision he did. From this the plaintiff appears to believe that he is entitled to explore all sorts of legal issues relating to the matter arbitrated, whether or not they were actually at issue in the underlying proceeding. This is not the case. In fact, it is tantamount to a plaintiff saying that he simply disagrees with the arbitration award and wants to re-litigate (or litigate for the first time) the same issues. If this were the case, arbitration would serve no purpose. "If we permit parties who lose in arbitration to freely relitigate their cases in court, arbitration will do nothing to reduce congestion in the judicial system; dispute resolution will be slower instead of faster; and reaching a final decision will cost more instead of less." *B.L. Harbert Intern., LLC v. Hercules Steel Co.,* 441 F.3d 905, 907 (11th Cir. 2006). Instead, review of an arbitration decision is quite limited, and the fact that the decision did not explain its rationale – which is common, *see Kurke v. Oscar Gruss and Son, Inc.,* 454 F.3d 350, 354 (D. C. Cir. 2006) – is not itself a basis for relitigating a matter subject to an earlier arbitration.

In sum, I conclude that the court lacks subject matter jurisdiction over the plaintiff's attempt to vacate the arbitration decision because it raises no independent issues of federal law. I further conclude that to the extent the court might have subject matter jurisdiction over the plaintiff's attempt to initiate a *new* case based on the same allegations, the complaint fails to state a claim upon which relief may be granted.

3

The defendant also seeks the imposition of sanctions to punish and deter what it views as the plaintiff's proclivity to file harassing and bad faith lawsuits against it. This request will be denied. Although I find no merit to the complaint, the plaintiff is *pro se* and I am reluctant, all things being equal, to impose sanctions on unrepresented parties. Moreover, here the plaintiff asserts that he was led to believe by the state court that he might have a federal cause of action. In addition, the nature of federal securities laws is complex and the plaintiff's filings indicate a good faith (albeit unsuccessful) attempt to reconcile what he views as federal legal violations and an unjust arbitration award. As a final reason for denying defendant's request for sanctions, I note that the record fails to demonstrate defendant's compliance with prerequisites for seeking sanctions under Rule 11. *See* Fed. R. Civ. P. 11(c)(1)(A). Accordingly, I do not believe sanctions are warranted at this time.

In sum, the motion to dismiss is GRANTED and the case is dismissed with prejudice. The request for sanctions is DENIED.

SO ORDERED this   20th   day of September, 2006.

                                                      s/ William C. Griesbach
                                                      William C. Griesbach
                                                      United States District Judge